**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ALAN M. BARTLETT; LUZ
MARINA BARTLETT-MORAN,

  Debtors,

------------------------------

ALAN M. BARTLETT,

  Appellant,

  v.

DAVID A. BIRDSELL, Chapter 7 Trustee,

  Appellee.

No.    18-60066

BAP No. 18-1093

MEMORANDUM*

In re: ALAN M. BARTLETT; LUZ
MARINA BARTLETT-MORAN,

  Debtors,

------------------------------

ALAN M. BARTLETT,

  Appellant,

  v.

No.    18-60067

BAP No. 18-1096

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

CITIBANK, SOUTH DAKOTA, N.A.,

　　　Appellee.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Brand, and Kurtz, Bankruptcy Judges, Presiding

Submitted April 7, 2020[**]

Before:　　TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Alan M. Barlett appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment dismissing as untimely his appeal from the bankruptcy court's judgments in two adversary proceedings. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo. *In re Delaney*, 29 F.3d 516, 517-18 (9th Cir. 1994). We affirm.

The BAP properly concluded that Alan's notices of appeal were untimely. *See* Fed. R. Bank. P. 8002(a) (providing that a notice of appeal shall be filed with the bankruptcy clerk within 14 days of the date of entry of the judgment, order, or decree appealed from); *In re Delaney*, 29 F.3d at 517-18 ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."

---

[**]　　The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

18-60066
18-60067

(internal citation omitted)).  We reject as meritless Alan's contentions that the certificates of service of the complaints in the adversary proceedings were invalid. *See* Fed. R. Bankr. P. 7004(b) (providing that service in bankruptcy adversary proceedings may be made within the United States by first class mail).

Alan's motions for oral argument (Docket Entries Nos. 6 and 13) and for default judgment (Docket Entry No. 23) are denied.

**AFFIRMED.**